UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES D. WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00097-HDM-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MARK HORTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #3). The Court now reviews the complaint.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S.

265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Complaint in the Instant Case**

Plaintiff brings action against the following defendants: Mark Horton, Mike Luksha, Brian Williams, and a person whom plaintiff identifies as "Mark Horton's brother." Plaintiff alleges that during his incarceration at Southern Desert Correctional Center, his work tools were sold, but he did not receive compensation.  Plaintiff seeks damages and injunctive relief.

**A.  Count I**

Plaintiff alleges that his right to due process was violated because the State denied him his "day in court" and his "right to compensation."  Plaintiff alleges that he entered into an agreement with defendant Horton to sell his tools.  Plaintiff alleges that his tools were released, but he did not receive compensation.  Plaintiff claims breach of contract against defendants.  Plaintiff also alleges that defendants violated the Nevada Department of Corrections regulation that prohibits

1  sales, bartering, and trading of equipment or merchandise.

2  Plaintiff claims that his due process rights were violated.  It appears that plaintiff is
3  alleging an unauthorized intentional deprivation of property.  An unauthorized intentional
4  deprivation of property by a state employee does not constitute a violation of the procedural
5  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-
6  deprivation remedy for the loss is available.  *See Hudson v. Palmer,* 468 U.S. 517, 533-534 (1984).
7  Plaintiff filed institutional grievances regarding the alleged deprivation of property.  The institutional
8  grievance process constitutes a meaningful post-deprivation remedy.  Moreover, plaintiffs' allegation
9  that defendants violated NDOC regulations does not in itself state a valid claim for violation of his
10 constitutional rights.  Plaintiff fails to state a due process claim or a claim for violation of any of his
11 constitutional rights.  Count I is dismissed with prejudice.

### B.  Count II

13 Plaintiff asserts that he was denied equal protection.  "Prisoners are protected under
14 the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on
15 race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84
16 (1987); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d
17 650, 655 (9th Cir. 2000) (per curium).  To state a claim for a violation of the Equal Protection Clause,
18 the prisoner must allege evidence of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229,
19 239-40 (1976); *see also Serrano*, 345 F.3d at 1082.

20 In the instant case, plaintiff fails to state a claim against any defendant for a denial of
21 equal protection.  Plaintiff has alleged no facts to indicate that defendants acted with discriminatory
22 intent.  Plaintiff reiterates his allegations about the sale of his tools, but none of this implicates a
23 violation of equal protection of the law.  As such, Count II is dismissed with prejudice.

### C.  Count III

25 Plaintiff alleges that "the State government is responsible to uphold all agreements
26 entered into by its inhabitants . . . ."  Plaintiff again reiterates allegations regarding the sale of his

4

tools. Plaintiff's central allegation, that defendants breached a contract, fails to state a claim for violation of plaintiff's constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint that he entered into an agreement, or contract, with defendants and that the State should uphold the agreement, fails to state a claim for violation of his constitutional rights. Count III is dismissed with prejudice.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice as to all counts and all defendants.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 8th day of December, 2010.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE

5